UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN A. McCALLISTER,<br><br>    Appellant,<br><br>v.<br><br>ROGER A. EVANS and LORI A. STEEDMAN,<br><br>    Appellees. | Case No. 4:20-cv-00112-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on appeal from the bankruptcy court. Dkt. 11. Appellant Kathleen McCallister seeks this Court's review of Judge Joseph M. Meier's *Order Sustaining Objection to Trustee's Final Order* entered February 13, 2020, in the underlying bankruptcy case. Bankruptcy Case No. 19-40193-JMM, Dkts. 40, 41.[1]

On November 8, 2021, this Court held oral argument. For the reasons outlined below, the Court REVERSES and REMANDS.

## II. BACKGROUND

McCallister (the "Trustee") is a chapter 13 bankruptcy standing trustee in the

---

[1] The Bankruptcy Court's Order is included in the record in Dkt. 1-2. The Memorandum of Decision is included in the record in Dkt. 1-3.

MEMORANDUM DECISION AND ORDER - 1

District of Idaho. In that position, she received payments from Roger Evans and Lori Steedman (the "Debtors") according to their chapter 13 debt repayment plan. However, before the plan was confirmed, the Debtors voluntarily dismissed their chapter 13 case.

Up until the dismissal, the Trustee had collected a percentage fee from the plan payments as compensation for her work. The issue now is whether the Trustee keeps the fee or must return it to the Debtors. This dispute boils down to differing statutory interpretations of 28 U.S.C. § 586(e)(2), the statute governing the Trustee's collection of the fees; and 11 U.S.C. § 1326(a), the statute governing the return of payments.

The bankruptcy court concluded that the Trustee must return the percentage fee in this case and in another case where the same issue was raised, *In re Harmon*, No. 19-01424-TLM, 2020 WL 6037759 (Bankr. D. Idaho June 23, 2020).[2] In both cases, McCallister was the Trustee. She appealed *In re Harmon* to the Bankruptcy Appellate Panel of the Ninth Circuit (the "Ninth Circuit BAP"). The BAP reversed the bankruptcy court, holding that § 586(e)(2) unambiguously provides that the Trustee keeps the percentage fee for herself even though the plan was not confirmed. *In re Harmon*, 2021 WL 3087744 (9th Cir. BAP July 20, 2021).

The BAP decision is not binding on this Court. *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990). That said, this Court benefits from the BAP's analysis of this issue.

---

[2] The judge for *In re Harmon* was not the same as the bankruptcy judge in the present case.

MEMORANDUM DECISION AND ORDER - 2

### III. LEGAL STANDARD

An appellant may petition the district court for review of a bankruptcy court's decision. Fed. R. Bankr. P. 8013. The applicable standard of review is the same as that which circuit courts of appeal apply when reviewing district court decisions: "Factual determinations are reviewed under the clearly erroneous standard, while determinations of law are reviewed de novo." *In re Andrews*, 155 B.R. 769, 770 (9th Cir. BAP 1993).

### IV. ANALYSIS

Below are the two statutes at issue. The first, § 586(e)(2), explains that the Trustee collects a percentage fee from payments made pursuant to bankruptcy plans, and the second, § 1326(a), explains that the Trustee must return to the Debtor payments made if the chapter 13 bankruptcy plan is not confirmed:

> [The Trustee] shall collect such percentage fee from all payments received by such individual under plans in the cases under subchapter V of chapter 11 or chapter 12 or 13 of title 11 for which such individual serves as standing trustee. Such individual shall pay to the United States trustee, and the United States trustee shall deposit in the United States Trustee System Fund [the statutory required amounts].

28 U.S.C. § 586(e)(2).

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—
> (A) proposed by the plan to the trustee;
> . . .
> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors . . . .

11 U.S.C. § 1326(a).

The issue is whether § 1326(a)'s instruction to return the payments includes the percentage fee collected under § 586(e)(2). The practice of standing trustees is to keep the percentage fee; however, upon challenges to that practice, some courts have decided that the trustees should refund the fee. *See, e.g.*, *In re Doll*, 2021 WL 5768991 (D. Colo. Dec. 6, 2021); *In re Lundy*, 2017 WL 4404271 (Bankr. N.D. Ohio Sept. 29, 2017); *In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014); *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013); *In re Rivera*, 268 B.R. 292 (Bankr. D.N.M. 2001), *aff'd sub nom.*, *Skehen v. Miranda (In re Miranda)*, 285 B.R. 344 (table), 2001 WL 1538003 (10th Cir. BAP Dec. 4, 2001). Meanwhile, other courts, including the Ninth Circuit BAP, have affirmed the practice of standing trustees keeping the percentage fee. *See, e.g.*, *In re Harmon*, 2021 WL 3087744, at *3 (9th Cir. BAP July 20, 2021); *Nardello v. Balboa (In re Nardello)*, 514 B.R. 105 (D.N.J. 2014); *In re Soussis*, 624 B.R. 559 (Bankr. E.D.N.Y. 2020), *aff'd sub nom.*, *Soussis v. Macco*, 2022 WL 203751 (E.D.N.Y. Jan. 24, 2022).

This Court joins those courts that have held that chapter 13 standing trustees may keep the percentage fee pursuant to the plain language of § 586(e)(2) even if the plan is not confirmed.

### A. Plain Language of § 586(e)(2)

When interpreting a statute, a court's first step is to "determine whether the language at issue has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Where the statutory language is unambiguous, the court's inquiry is at an end. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S.Ct. 617, 631 (2018) (opining that when the

plain language is "unambiguous, our inquiry begins with the statutory text, and ends there as well") (cleaned up). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341 (citations omitted).

The bankruptcy court concluded that § 586(e)(2) is ambiguous, "especially when construed together" with § 1326(a). The Debtors argue in their appellee brief that § 586(e)(2) is ambiguous in that there are three possible interpretations, or constructions, of § 586(e)(2): First, under what the parties refer to as the "mandatory construction," the Trustee keeps the percentage fee because the statute obligates the trustee to collect fees from all payments whether or not the plan is confirmed. Second, under the "collect and hold construction," the Trustee collects and hold the percentage fees until confirmation at which point the Trustee disburses the payments to the creditors and the fee to herself as directed by § 1326(a) and § 586(e). And third, under the "responsibility and source construction," the statute's purpose is only to identify the Trustee as the party responsible for collecting the percentage fee and to identify the plan payments as the source for collection, but the statute does not answer the question of *when* the fee is paid and collected.

The Trustee meanwhile argues that § 586(e)(2) is unambiguous and that the mandatory construction is the plain meaning of the statute. Emphasizing four phrases—(1) "shall collect," (2) "from all payments," (3) "under plans," and (4) "serves as the standing trustee"—the Trustee argues that § 586(e)(2) prescribes the *who*, *what*, *when*, and *how* of the percentage fee. Debtors make payments to the Trustee under the proposed chapter 13 plan, whether or not it is confirmed yet. Upon receipt of the payments, the Trustee takes a

percentage fee for her work as the standing trustee. Upon review, each of the four phrases emphasized by the Trustee supports the mandatory construction.

1. Shall Collect

The first phrase is "shall collect." "Collect" conveys something final. There is no condition or exception—collect it and its yours. The definition of "collect" is "to receive payment." Black's Law Dictionary 238 (5th ed. 1979); *see also* Webster's Encyclopedic Unabridged Dictionary 403 (1996) (same).

Collectors are not in the business of returning payments. And Congress knows this. Thus, when Congress has wanted collection to be conditional or reversible, it has specified. *See, e.g.*, 28 U.S.C. § 576(a) ("Each United States marshal shall collect, *as far as possible*, his lawful fees . . . .") (emphasis added); *id.* § 1914(b) ("The clerk shall collect . . . such additional fees *only as are prescribed* . . . ."); 23 U.S.C. § 605(b) ("The Secretary may collect . . . fees, *contingent* on authority being provided in appropriations Acts . . . ."). Here, Congress has not conditioned collection.

What's more, Congress has required that excess percentage fees, those fees which the Trustee does not personally get to keep, be deposited in the United States Trustee System Fund rather than be returned to the debtors. 28 U.S.C. § 586(e). And once the fee is deposited there, the money "can only be withdrawn by an appropriation by law." *Knote v. United States*, 95 U.S. 149, 154 (1877). That the excess percentage fees are not returned to the Debtor but rather collected in this fund is only further evidence that the remainder of the percentage fees should not be returned either.

*2. From All Payments*

The second phrase the Trustee emphasizes is "from all payments." "[T]he burden is heavily on the suitor who would subject the word 'all' with its uncompromising generality to an unexpressed exception." *Baltimore Nat. Bank v. State Tax Commission of Md.*, 297 U.S. 209, 212 (1936). Payments are due to the Trustee before and after confirmation, and the Trustee takes the percentage fee from all the payments. The statute does not limit the percentage fees to those taken from payments received after confirmation. Section 586(e)(2), by itself, does not express any exception to collecting the percentage fee.

*3. Under Plans*

The third phrase is "under plans." The statute places no limitations or exceptions on which plans are subject to the percentage fee. This generalization of "plans" includes confirmed, not yet confirmed, and denied plans. If there is a plan, there is also a percentage fee.

*4. Serves as the Standing Trustee*

And finally, the Trustee emphasizes the phrase "serves as the standing trustee." The Trustee serves in that capacity even before the plan is confirmed. She gets the percentage fee as payment for her work as the standing trustee—not only for the work of the standing trustee after plan confirmation.

*5. Conclusion on § 586(e)(2)'s Plain Language*

Section 586(e)(2)'s language is plain and unambiguous. Its scheme lays out the details of the percentage fee: it goes to the Trustee for her work as the standing trustee and it comes from the payments made according to the chapter 13 plans. No further qualifiers,

limitations, or exceptions appear in the language. Nowhere does § 586(e)(2) direct the Trustee to hold the fee until confirmation or denial of confirmation. It only directs the Trustee to collect the fee—not to hold it and then return it if the plan is not confirmed. Only when you look beyond the statute can you find any ambiguity to read into the statute. But by the plain language of § 586(e)(2), the Trustee keeps the percentage fee upon dismissal of the chapter 13 bankruptcy petition.

### B. Statutory Context

"The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341 (citations omitted). The bankruptcy court found § 586(e)(2) ambiguous given the statutory context, and it relied on other statutes to resolve that ambiguity to mean that the Trustee should return the percentage fee. However, when looking at the relevant statutory context, this Court finds that the context confirms the plain language of § 586(e)(2). Even if § 586(e)(2) were ambiguous, the context supports the mandatory construction.

Two statutes are particularly relevant in this analysis: first, § 1326, which provides that the Trustee must return payments in certain circumstances; and second, § 1226, which is the chapter 12 parallel provision to § 1326 in chapter 13 bankruptcy.

#### 1. Refund of Payments Under 11 U.S.C. § 1326

The bankruptcy court concluded, and the Debtors argue, that § 1326(a)(2) conflicts with § 586(e)(2). Section 1326 says that the Trustee must return payments in certain circumstances. 11 U.S.C. § 1326(a)(2). As discussed in more detail below, § 1326(a)(2)

does not specify that the percentage fee must also be returned. Thus, there is no necessary conflict with § 586(e)(2).

Section 1326 begins by explaining that in chapter 13 bankruptcy, debtors start making payments within 30 days of filing their plans. *Id.* § 1326(a)(1). "[T]he debtor shall commence making payments not later than 30 days after the date of the filing the plan or the order for relief, whichever is earlier, in the amount . . . proposed by the plan to the trustee." *Id.* § 1326(a)(1)(A).

The trustee then retains those payments until confirmation or denial of confirmation. *Id.* § 1326(a)(2). If the plan is confirmed, then the trustee distributes them to creditors according to the plan. *Id.* If the plan is denied, the trustee returns to the debtor "any such payments not previously paid." *Id.*

Later the statute references the percentage fee: "Before or at the time of each payment to creditors under the plan, there shall be paid . . . the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28." *Id.* § 1326(b)(2).

In the Debtors' view, "payments" in § 1326(a)(1)(A) and (a)(2) refer not only to the money owed to creditors but also to the percentage fee. Thus, they conclude that if the Trustee must return the payments, she must also return the percentage fee. However, § 1326(b)(2) differentiates between payments and the percentage fee, and that same subsection also explains that the Trustee may take the fee *before* the payment to creditors. This is in harmony, not conflict, with § 586(e)(2) which provides that the Trustee "shall collect such percentage fee from all payments received by such individual under plans."

MEMORANDUM DECISION AND ORDER - 9

28 U.S.C. § 586(e)(2). Both statutes lay out the timing for collecting the percentage fee, and neither limits it to after confirmation.

Moreover, even if "payments" in § 1326 included the percentage fee, § 1326(a)(2) expressly provides that the Trustee does not return funds "previously paid." 11 U.S.C. § 1326(a)(2). Thus, because the fee is already paid to Trustee before confirmation, § 1326(a)(2) does not direct the Trustee to return it if confirmation does not happen.

2. *Parallel Provision in Chapter 12 Bankruptcy*

Chapter 12 bankruptcy has a statute—§ 1226(a)—that is parallel to § 1326 in chapter 13 bankruptcy. Notably, § 1226(a) expressly provides that the trustee should return the payments *but not the fee*. 11 U.S.C. § 1226(a). As has been discussed at length, § 1326 does not expressly say this. For comparison, here is each statute with the critical difference emphasized:

> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2).

> (a) Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting—
> (1) any unpaid claim allowed under section 503(b) of this title; and
> **(2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.**

MEMORANDUM DECISION AND ORDER - 10

11 U.S.C. § 1226(a) (emphasis added).

The debtors argued, and the bankruptcy court agreed, that the canon of surplusage applies here. That is, since § 586(e)(2) also applies to chapter 12 bankruptcy proceedings, § 1226(a)(2) would be superfluous if § 586(e)(2) already provides that the trustees get to keep the percentage fees.

On the other side, the Trustee argues on appeal that this canon does not control here. After all, Congress can solve the same problem in more than one way. The Trustee explains that for chapter 12 bankruptcy Congress chose to be more explicit about excluding the percentage fee from the duty to refund payments, but that choice to be more explicit in the chapter 12 context does not negate anything in the chapter 13 context. Indeed, the extra clarity in chapter 12 may be reasonable considering that this form of bankruptcy is far less common. *See Hall v. United States*, 566 U.S. 506, 518 (2012) ("Chapter 13 filings outnumber Chapter 12 filings six-hundred-fold."). Moreover, § 1226 does not require pre-confirmation payments unlike § 1326. *Compare* 11 U.S.C. § 1326(a)(1), *with id.* § 1226(a); *Stahn v. Haeckel*, 920 F.2d 555, 558 (8th Cir. 1990) (holding that though § 1226(a) does not require pre-confirmation payments, the bankruptcy court has discretion to require them), *cert. denied*, 500 U.S. 953 (1991). The Trustee reasons that because chapter 12 bankruptcies are rare and pre-confirmation payments are not statutorily required there, Congress may have believed it particularly important to clarify in § 1226 what the standing trustee must return to the debtor if the plan is not confirmed.

"Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (cleaned up). If possible, the Court must "construe a statute to give every word some operative effect." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 158 (2004).

However, "[s]urplusage does not always produce ambiguity and [the] preference for avoiding surplusage constructions is not absolute." *Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004). If one interpretation tracks the plain text but creates surplusage and the other interpretation avoids surplusage but creates ambiguity, "applying the rule against surplusage is, absent other indications, inappropriate." *Id.* "Redundancy is not a silver bullet. . . . Sometimes the better overall reading of the statute contains some redundancy." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019). Redundancy may be the result of "a congressional effort to be doubly sure" or "of congressional inadvertence or lack of foresight." *Barton v. Barr*, 140 S. Ct. 1442, 1453 (2020).

Here, avoiding the superfluity in § 1226 creates ambiguity in § 586(e)(2). On its own § 586(e)(2) directs the Trustee to collect the percentage fee. Nothing in § 1326 contradicts that. Ambiguity arises only when you look to § 1226 and see that it directs the standing trustee in chapter 12 bankruptcy cases to retain the percentage fee, which is superfluous if § 586(e)(2) already directs the same. Thus, it is inappropriate to apply the rule against surplusage to alter the plain language of § 586(e)(2).

### C. Function of the Trustee's Fee

Both the Trustee and the Debtors assert that the purpose and function of the percentage fee supports their interpretation of the statute. Naturally one may assume that

MEMORANDUM DECISION AND ORDER - 12

the Trustee should get to keep the percentage fee in compensation for the work she has already done, but according to the Debtors, that assumption is mistaken. If the fee to the Trustee is treated the same as the payments to the creditors, then the Trustee's interests are aligned with the creditors' interests in seeing that the chapter 13 plans confirmed. Only upon confirmation should the Trustee get paid just as the creditors only get paid upon confirmation. The purported purpose of the fee in the Debtors' view is to incentivize chapter 13 standing trustees to do what they can to get plans confirmed.

The Trustee, however, believes that the incentives work differently and that the purpose of the fee is to support the pro rata system for paying chapter 13 trustees. Regarding incentives, the Trustee argues that if the standing trustees only collect their fees upon plan confirmation, they will be incentivized to push for confirmation even against their duty to object to confirmation in certain circumstances. *See In re Sisk*, 962 F.3d 1133, 1146 (9th Cir. 2020) (stating that confirmation requirements of § 1325(b) are triggered only upon an objection by an unsecured creditor or the trustee); *In re Escarcega*, 573 B.R. 219, 233–34 (9th Cir. BAP 2017) ("Imposing a duty on chapter 13 trustees to object to plans whenever appropriate is necessary to permit the bankruptcy court to do its job."). The Trustee also argues, "if debtors may obtain a refund of their trustee fees by dismissing their cases before confirmation, this incentivizes debtors to avoid confirmation and voluntarily dismiss as soon as they have obtained the full benefit of the trustee's hard work in processing the case." Dkt. 16, at 25. After all, chapter 13 debtors may dismiss their cases any time for any reason prior to confirmation. *See* 11 U.S.C § 1307(a).

MEMORANDUM DECISION AND ORDER - 13

Regarding the purpose of the percentage fee, the Trustee explains that the chapter 13 bankruptcy system operates pro rata with the costs of trusteeship spread "over *all* Chapter 13 debtors within the court's jurisdiction." *In re Savage*, 67 B.R. 700, 707 (Bankr. D.R.I. 1986) (discussing the § 586(e) percentage fees, which at the time were being tested in pilot districts). If the fee is refunded, only debtors with confirmed plans bear the costs of trusteeship. Rather, the fee operates like a user fee, and "[l]ike other user fees, payment does not depend upon the success of the endeavor that generates the fee." *In re Harmon*, 2021 WL 3087744, at *11 (9th Cir. BAP 2021).

Both the Debtors and the Trustee each have sensible arguments about the competing incentives and policies at play. However, the Debtors' arguments have failed to overcome or cast into doubt the plain language of § 586(e)(2). And the Trustee's arguments lend additional support to the plain language interpretation.

## V. CONCLUSION

In conclusion, the plain language of 28 U.S.C. § 586(e)(2) directs the Trustee to collect the percentage fee from the payments, and nothing in 11 U.S.C. § 1326(a) clearly directs the Trustee to return the fee when she returns the payments. This Court declines to read in ambiguity where it does not exist on the face of the statute. Rather, it reads § 586(e)(2) harmoniously with § 1326(a) and concludes that the Trustee should collect and keep the percentage fee even though the plan was never confirmed. For these reasons, the Court REVERSES the bankruptcy court's decision.

## VI. ORDER

The Court HEREBY ORDERS:

1. The bankruptcy court's decision requiring the Trustee to disgorge her fee is REVERSED.

2. The case is REMANDED to the bankruptcy court with instructions to enter an order consistent with this decision.

DATED: February 8, 2022

David C. Nye
Chief U.S. District Court Judge